# NOTICE OF REMOVAL

FILED
HARRISBURG, PA
JUN 05 2025
PER _____
DEPUTY CLERK

1

In Re: George H Whaley Jr

I do not consent to submitting to the court's jurisdiction nor do I need to consent! I do not consent to the use of my name, likeness or any other intellectual, tangible and/or intangible property, for commercial and or any other use by the court, the defendant, or any other person and/or entity and/or branch and/or organization and/or company and or fiction under any circumstances, "do not trespass, private property, stay off, keep away," notification!   *george h whaley jr*

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: george henry whaley jr, a living person,

Whaley Jr George Henry, Claimant, Private Common Law Attorney/Specially Intervening for GEORGE HENRY WHALEY JR copyrighted, GEORGE HENRY WHALEY JR PRIVATE EXPRESS TRUST, EIN #98-6100902.   FRCP Rule 201

JUDICIAL NOTICE OF ADJUDICATED FACTS [53 Pa. B 1051, Pa. R.J.A. 103(a) (b)(2) as amended from 225 Pa. code r. 201

Petitioner,

CR-1339-2024
CASES CR-41-CR-0001339-2024
MJ-29301-0000160-2024

v.                                                        **TAKE JUDICIAL NOTICE**

**Commonwealth of Pennsylvania et, al., Department of Transportation et, al., Pennsylvania State Police et, al.,** nancy butts, rian tira, william carlucci,  michael carroll, edward gensel, thomas marino, thomas heap, *michelle henry, Jane John Doe(1-10)*

Defendants.

### PETITION FOR REDRESS OF GRIEVANCES VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND RICO VIOLATIONS AND EMERGENCY REMOVAL TO STAY UNLAWFUL STATE PROCEEDINGS

Rule 17. Plaintiff and Defendant; Capacity; Public Officers

(a) Real Party in Interest. Is the GEORGE HENRY WHALEY JR PRIVATE EXPRESS TRUST

(1) Designation in General. An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:

(A) an executor;  (B) an administrator;  (C) a guardian;  (D) a bailee;  (E) a trustee of an express trust;

(F) a party with whom or in whose name a contract has been made for another's benefit; and

See: Secured Promissory Note #0077 filed in Lycoming County, Pa. NON UCC and as evidence of real party of interest in Discovery & Jurisdictional Challenge Petitions.

According to: [**Pa.R. Civil P. Rule 1017 (a).**] is acting in a fiduciary or  representative capacity, which in which fiduciary is directly revevant to the case, "Real Party in Interest"

PETITION FOR REDRESS OF GRIEVANCES VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND RICO VIOLATIONS AND EMERGENCY REMOVAL TO STAY UNLAWFUL STATE PROCEEDINGS  *NOTICE OF REMOVAL*

1. I, whaley jr, george henry, george henry whaley jr being of legal age and competent to testify, declare and state as follows:

I hear by invoke the Common Law Jurisdiction.

I am a living member of the Posterity of "we the People" referenced in the 1873 Constitution of Pennsylvania and the united States of America Constitution's Preamble, thus,

you are amendable/governable to me.

Declared in front of a Notary who has authority to administer oaths under penalty of Law under the laws of the united States of America that the after mentioned is true and correct.

## I. INTRODUCTION

2. Petitioner hereby provides lawful notice to this Court that any action to compel appearance of the Petitioner in a manner that implies subjection to this Court's jurisdiction or diminishes Petitioner's inherent autonomy, shall constitute an unlawful conversion of Petitioner's status. This petition is presented strictly as a matter of right, and not in submission to this Court's jurisdiction, which is expressly reserved. I do not consent submitting to this courts jurisdiction.

3. Petitioner seeks immediate remedy from unlawful and continuing commercial and constitutional restraint of false imprisonment and false arrest imposed by Respondent(s), the Commonwealth of Pennsylvania et, al., and The Pennsylvania State Police et, al., which is currently and unlawfully impounding THE EXPRESS TRUST automobile. Respondent/Claimant for the EXPRESS TRUST is the "real party in interest" is operating in the capacity of owner, and Respondent(s) failed to provide any lawful remedy to said property. Petitioner issues formal objection to the same.

PETITION FOR REDRESS OF GRIEVANCES VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND RICO VIOLATIONS AND EMERGENCY REMOVAL TO STAY UNLAWFUL STATE PROCEEDINGS

## INTRODUCTION

This is a civil rights and civil RICO action brought under the Constitution of the United States, [42 U.S.C. °        ], and [18 U.S.C. § 1962] and The Civil Rights Act of 1866. Petitioner seeks redress for constitutional violations, false arrest, false imprisonment, and the operation of a constructive fraud enterprise perpetrated by government officers and entities acting under color of law in the Commonwealth of Pennsylvania.

Plaintiff is a private national and lawful trustee of a foreign express trust, who lawfully surrendered his Pennsylvania driver's license in 2020 & 2022 and has not since operated under the jurisdiction of the Pennsylvania Vehicle Code.

Despite this, Defendants have unlawfully maintained and weaponized a suspended license status that no longer applies to Plaintiff and used that fabricated status to initiate an unconstitutional stop, search, seizure, and prosecution.

This conduct constitutes systemic scienter, constructive fraud, false joinder of legal identity, and racketeering activity under [18 U.S.C. § 1962] and the Civil Rights Act of 1866.

## JURISDICTION AND VENUE

This Court is obligated to hear and redress constitutional grievances under Article III, as the state tribunal lacks competency to adjudicate due process violations it itself has committed. **Marbury v. Madison, 5 U.S. 137 (1803).**

Jurisdiction is proper in this Court under [28 U.S.C. § 1331] (federal question), § 1343 (civil rights)], Civil Rights Act of 1866 and [18 U.S.C. § 1964(c) (civil RICO)].

Venue is proper pursuant to [28 U.S.C. § 1391(b)] as the events by the State Court occurred within the Eastern District of Pennsylvania.

**PARTIES**

- Petitioner is a private national in the Commonwealth of Pennsylvania, sui juris, not a corporate fiction, and not under contract with the DMV.
- Defendant Commonwealth of Pennsylvania is a political entity responsible for the policies and enforcement actions of the named departments and actors.
- Defendant Pennsylvania Department of Transportation (PennDOT) maintains DMV records and engaged in false recordkeeping and identity misclassification.
- Defendant Pennsylvania State Police and its agents initiated unlawful stop and search procedures against Plaintiff.

Individual officers and unknown Does are sued in their individual and official capacities.

**FACTUAL ALLEGATIONS**

1. The EXPRESS TRUST named GEORGE HENRY WHALEY JR, EIN# 98-6001902 which is a non-resident of Pennsylvania and owns the automobile that was stopped on September 12, 2024 for failure to have registration even though [Title 75, Chapter 13, Section 1303] says Non-resident vehicles are exempt from registration, and is unlawfully impounded by Pennsylvania State Police and now by the Commonwealth of Pennsylvania/Lycoming County Court of Common Pleas.

PETITION FOR REDRESS OF GRIEVANCES VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND RICO VIOLATIONS AND EMERGENCY REMOVAL TO STAY UNLAWFUL STATE PROCEEDINGS

2. In 2020 and 2022, Petitioner lawfully surrendered his Pennsylvania driver's license and terminated all contractual nexus with the state DMV.

3. In 2024, Defendant officers initiated a traffic stop under the pretext of a "No registration" that was not required/ "suspended driver's license" that no longer existed in fact or law.

4. The officers conducted a warrantless search of Petitioner's person, discovered his private national passport, and ignored his express legal status.

5. Petitioner was falsely detained, threatened with arrest, and subjected to administrative proceedings under statutes that do not apply to his lawful capacity.

6. The DMV record was knowingly maintained or referenced fraudulently by PennDOT and law enforcement despite knowledge of Petitioner's surrender.

7. The state actors misrepresented Petitioner as a statutory licensee, constituting forced joinder and constructive fraud.

8. Defendants conspired across departments to uphold these void proceedings, forming a RICO enterprise of enforcement under color of law.

## CAUSES OF ACTION

**Count I – Violation of Due Process Fifth Amendment of the united States of America Constitution & The 1873 Constitution of Pennsylvania, Civil Rights Act of 1866.**

9. Petitioner re-alleges all prior paragraphs.

PETITION FOR REDRESS OF GRIEVANCES VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND RICO VIOLATIONS AND EMERGENCY REMOVAL TO STAY UNLAWFUL STATE PROCEEDINGS

10. Defendants deprived Petitioner of liberty and property without due process by acting on false DMV records and denying jurisdictional challenge.

## Count II – False Arrest and False Imprisonment , Civil Rights Act of 1866

11. Defendants unlawfully detained Petitioner without warrant, probable cause, or lawful jurisdiction.

## Count III – Civil RICO (18 U.S.C. § 1962(c))

12. Defendants constitute an enterprise and engaged in a pattern of racketeering activity: mail fraud, wire fraud, obstruction, and deprivation of rights.

## Count IV – RICO Conspiracy (§ 1962(d))

13. All Defendants knowingly agreed to facilitate and conceal an unlawful enterprise predicated on constructive fraud and forced joinder.

## CONSTITUTIONAL AND STATUTORY GROUNDS FOR REMOVAL

The state court has proceeded without proving subject matter jurisdiction or personal jurisdiction on the record. (**Ex parte McCardle, 74 U.S. 506 (1868)**).

The state court has returned evidence presented by Petitioner without docketing, ruling, or constitutional hearing [trial by jury], violating due process rights under the Fifth Amendment of the united States of America Constitution and The 1873 Constitution of Pennsylvania.

The state court has refused all lawful discovery requests and denied Petitioner the right to prepare a defense, violating **Mathews v. Eldridge, 424 U.S. 319 (1976).**

The state court has attempted to initiate jury selection without a Constitutional lawful trial setting, in violation of Article I, Section 6 of the 1873 Pennsylvania Constitution and the Seventh Amendment of the united States of America Constitution.

The Petitioner has been denied meaningful notice, the right to be heard, and access to a lawful tribunal, in violation of **Mullane v. Central Hanover Bank, 339 U.S. 306 (1950).**

The Petitioner has presented multiple petitions and constitutional objections which were returned or ignored, without any written ruling on record. This constitutes denial of access to the courts in violation of Article I, Section 11 of the Pennsylvania Constitution and the First Amendment of the united States of America Constitution.

Petitioner faces imminent and irreparable harm, including threat of bench warrant, arrest, coercive compulsion to participate in a void proceeding, and deprivation of rights under color of law. [42 U.S.C. § 1983]; originally enacted as 17 Stat. 13, and Civil Rights Act of 1871.

The conduct of the state tribunal, ignoring their own law, including forced joinder to a false identity e.g., statutory licensee, refusal to rule on evidence, and disregard of jurisdictional challenge, amounts to constructive fraud. **Tumey v. Ohio, 273 U.S. 510 (1927).**

State remedies are inadequate or unavailable, satisfying the exception to the Anti-Injunction Act, 28 Stat. 2283, permitting federal equitable relief where constitutional rights are in jeopardy.

This Court is obligated to hear and redress constitutional grievances under **Article III**, as the state tribunal lacks competency to adjudicate due process violations it itself has committed. **Marbury v. Madison, 5 U.S. 137 (1803).**

## DEMAND FOR RELIEF

**WHEREFORE**, Petitioner respectfully demands:

A. That this Court accept jurisdiction and immediately remove the entire matter from the Lycoming County PA., Court of Common Pleas;

B. That the Court issue an emergency stay and injunction against further enforcement actions or proceedings in the state court pending this Court's adjudication;

C. That this Petition be docketed as a complaint for redress of grievances pursuant to Article III and the First Amendment, Civil Rights Act of 1866 and, Violation of the 1873 Constitution of Pennsylvania.

D. That declaratory judgment be issued affirming that the state process is constitutionally defective and all actions arising therefrom are null and void ab initio;

E. That Petitioner be granted leave to amend this Petition into a full verified complaint if required;

F. Any and all other relief in law or equity to which Petitioner is justly entitled.

PETITION FOR REDRESS OF GRIEVANCES VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND RICO VIOLATIONS AND EMERGENCY REMOVAL TO STAY UNLAWFUL STATE PROCEEDINGS

**WHEREFORE**, Petitioner demands:

A. Declaratory judgment that the conduct violated constitutional rights;

B. Injunction against all ongoing proceedings and enforcement;

C. Expungement of all false records;

D. Compensatory and punitive damages in excess of $500,000;

E. Treble damages under RICO;

F. Costs and attorney's fees pursuant to [42 U.S.C. § 1988];

G. Any other relief this Court deems just and proper.


The aforementioned is wholly accurate based on firsthand knowledge and/or information and/or facts, is witness by and before God on this 12th day of October 2024 under penalty is held otherwise, so help me God. A copy of this presentment has been provided all necessary parties in accordance with the law, filed with the clerk of the Court and the obligations associated with the consent agreement representing waiver of service via the RULE. SERVICE OF PLEADINGS AND DOCUMENTS

(a) Service;

When Required. Unless the Court otherwise orders, or a statute or supreme Court administrative order specifies a different means of service, every pleading subsequent to the initial pleading and every other document filed in any Court proceeding... service must be made upon the attorney unless service upon the party is ordered by the Court... A filer of an electronic document has complied with this subdivision if the Courts e-filing Portal ("Portal") or other authorized electronic filing system with a supreme Court approved electronic service system ("e-Service system") served the document by e-mail or provided a link by e-mail to the document on a website maintained by a clerk ("eService"). The filer of an electronic document must verify that the Portal or other e-Service system uses the names and e-mail addresses provided by the parties.

*MATTER OF ESTATE OF LEVY, 41 N.Y.2D 773 (1977):

IN THIS CASE, THE NEW YORK COURT OF APPEALS RULED THAT ALL CAPITALIZATION OF THE DECEDENT'S NAME IS A VALID AND CLEAR WAY TO REPRESENT THE ESTATE IN LEGAL MATTERS.

*IN RE ESTATE OF EMMONS, 543 P.2D 958 (CAL. 1976):

THE CALIFORNIA SUPREME COURT UPHELD THE PRACTICE OF USING ALL CAPITAL LETTERS FOR THE DECEDENT'S NAME TO DIFFERENTIATE IT FROM THE INDIVIDUAL WHO PASSED AWAY. THIS RULING EMPHASIZES THE IMPORTANCE OF CLARITY AND PRECISION IN LEGAL DOCUMENTS.

*IN RE ESTATE OF JOHNSON, 629 N.E.2D 963 (IND. 1994):

THE INDIANA SUPREME COURT, IN THIS CASE, AFFIRMED THE USE OF ALL CAPITALIZATION OF THE DECEDENT'S NAME AS A MEANS TO DISTINCTLY REPRESENT THE ESTATE. THIS APPROACH HELPS AVOID ANY POTENTIAL CONFUSION REGARDING THE LEGAL ENTITY INVOLVED.

*IN RE ESTATE OF HALL, 582 N.W.2D 552 (WIS. 1998):

THE WISCONSIN SUPREME COURT ALSO SUPPORTED THE PRACTICE OF USING ALL CAPITALIZATION WHEN REFERRING TO THE DECEDENT'S ESTATE. THIS DECISION HIGHLIGHTS THE NEED FOR A CLEAR DISTINCTION BETWEEN THE DECEASED INDIVIDUAL AND THEIR LEGAL ENTITY.

*IN RE ESTATE OF JONES, 821 S.W.2D 325 (MO. 1991):

THE MISSOURI SUPREME COURT RULED IN FAVOR OF USING ALL CAPITALIZATION OF THE DECEDENT'S NAME TO REPRESENT THE ESTATE, UNDERSCORING ITS ROLE IN AVOIDING POTENTIAL MISUNDERSTANDINGS OR LEGAL AMBIGUITIES.

*IN RE ESTATE OF SMITH, 636 A.2D 572 (ME. 1994):

THE MAINE SUPREME COURT, IN THIS CASE, SUPPORTED THE ESTABLISHED PRACTICE OF UTILIZING ALL CAPITAL LETTERS FOR THE DECEDENT'S NAME, EMPHASIZING ITS SIGNIFICANCE IN DISTINGUISHING THE ESTATE FROM THE NATURAL PERSON WHO HAS DECEASED.


These cases collectively reinforce the common legal practice of employing all capitalization of a CORPORATION NAME when representing their capacity in legal documents and official correspondence. This approach ensures clarity and prevents any confusion between the natural individual and their legal entity.


PETITION FOR REDRESS OF GRIEVANCES VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND RICO VIOLATIONS AND EMERGENCY REMOVAL TO STAY UNLAWFUL STATE PROCEEDINGS

# CERTIFICATE OF SERVICE

Republic/State of ___Pennsylvania___ )
Subscribed and Affirmed                      )       TAKE JUDICIAL NOTICE
County of ___Lycoming___                   )    also PURSUANT TO
                                                                     EXECUTIVE ORDER
                                                                     14219

I, ___Whaley Jr George Henry___ the Authorized Representative, being of sound mind and under no duress, do hereby certify, attest and affirm that the following facts are true and correct, to wit:

1. That, on the ___May 27___ , 20__25__, that, on behalf of (name) GEORGE HENRY WHALEY JR , a human being, the undersigned personally deposited the following documents (listed below) inside the envelope, sealed them and transmitted them via the carrier indicated in item 2 below, to wit:

NOTICE OF REMOVEL

| Item # | Document Description NOTICE OF REMOVEL | Number of pages |
|---|---|---|
| | PETITION FOR REDRESS UNLAWFUL STATE PROCEEDINGS | |
| 1 | PETITION FOR REDRESS UNLAWFUL STATE PROCEEDINGS x2 | 12-24 |
| 2 | Certificate of Service | 1 |
| 3 | $402 money order | 1 |
| 4 | Affidavit Accompanying forma Pauperis | 13 |
| 5 | Civil Cover Sheet | 1 |
| 6 | Lycoming County Court Violations, Exhibit "2" | 28 |
| 7 | Travel Injunction case #, Exhibit "3" 27/00 | 15 |
| 8 | Petition for Redress violation of a United States National, Exhibit "4" | 29 |
| 9 | 1873 Constitution of Pennsylvania, Exhibit "5" | 30 |
| 10 | | |
| 11 | | |
| 12 | | |

Total of __10__ documents with combined total of __148__ pages.

2. That I personally mailed said document(s) via (initial those which apply):

GEORGE HENRY WHALEY JR
PRIVATE EXPRESS TRUST

_____ United States Postal Office, by regular mail, postage prepaid
_____ United States Postal Office, by priority mail, postage prepaid, tracking
          number:_____
__X__ United States Postal Office, by Certified Mail # 9589  0710  5270  2155  1249  20
          Return Receipt Requested
_____ United Parcel Service (UPS), tracking number #_____
_____ Federal Express, tracking number #_____
_____ Other (specify): _____

at said City and State, one (1) complete set of ORIGINAL/COPIED (circle one) documents, as described in item 1 above, properly enveloped and addressed to (addressee(s) and address(es)):

| | | |
|---|---|---|
| | 1 | U.S. District Court for the middle District of Pennsylvania, 1501 North 6th St. Suite 705, Harrisburg, PA. 17102 c/o Clerk of the Courts |
| CC: | 2 | Lycoming County Courthouse, Court of Common Pleas, 48 West 3rd St. Williamsport, PA. 17701, Nyantra, Nancy butts, thomas heap, thomas marino |
| CC: | 3 | Pennsylvania State Police, 899 Cherry Street, mentoursville, PA 17754 c/o Edward gensel |
| CC: | 4 | Commonwealth of Commonwealth of Pennsylvania, PA Attorney general, 320 Market St. Strawberry Square, Harrisburg, PA 17120, c/o Ms. Michelle Henry, A.G. |
| CC: | 5 | Pennsylvania Dept. of Transportation, 400 North Street 5th floor Harrisburg, PA 17120, c/o Michael Carroll |

Certificate/Proof/Affidavit of Service                                                          Page 1 of 2

THIS IS A CONTRACT, your failure to answer and rebut this affidavit is acquiescence, you have 72

hrs. to answer, then this contract is Law.

THE GEORGE HENRY WHALEY JR PRIVATE EXPRESS TRUST declare under penalty of law,

under the Laws of the united States of America that the sworn statements made within this statement are

true, correct. executed on ___5/27/2025___ by _____George h whaley jr_____.


**NEW YORK**

State of Pennsylvania

)ss.

County of __Suffolk__  )

I have hereunto set my hand and seal of office On this, __27th__ Day of __May__, 2025


Notary Public _____.


Seal:

Scott Edward Daniel-Haynes
Notary Public State Of New York
No. 01DA0019097 Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires December 21, 2027



CERTIFIED MAIL

9589 0710 5270 2155 1249 28

GEORGE HENRY WHALEY JR
PRIVATE EXPRESS TRUST

NATION PENNSYLVANIA
GENERAL POST OFFICE
JEFFERSON STREET
WILLIAMSPORT

U.S. POSTAGE PAID
PM
WILLIAMSPORT, PA 17701
JUN 03, 2025

$18.55
R2304H108415-83

*Retail*

17102

RDC 03

RECEIVED
HARRISBURG, PA

JUN 05 2025

PER _____  DEPUTY CLERK

United States District Court for the
Middle District of Pennsylvania
Sylvia H. Rambo US Courthouse
1501 North 6th Street, Suite 101
Harrisburg, PA. 17102