Lycoming Canity Carts Violations

entities, ficiltating structure [possible]financial operation.

According to Pennsylvania law, the statute at large for "[**Title 75 - VEHICLES, Chapter 13 Registration of Vehicles, 75 PA Cons Stat 1303**]. Vehicles of nonresidents exempt from registration]" is [**75 PA Cons Stat § 1303**] which states that a nonresident vehicle owner can operate their vehicle within Pennsylvania without registering it here if it is properly registered in their state of residence and meet's certain conditions. The EXPRESS TRUST named GEORGE HENRY WHALEY JR PRIVATE is a nonresident exempt from registration and the automobile owned by THE FOREIGN EXPRESS TRUST is Exempt. AN EXPRESS TRUST is a separate legal entity from its creator, trustee, and beneficiaries. It has its own distinct rights, and is a considered a "Natural Person" in law, similar to a corporation, but not a corporation.

## VI. OBJECTIONS TO FUNDAMENTAL ERRORS

### 1. SHAM OR FRAUDULANT COURT PROCESS:

This Lycoming County, PA court is operating as an Administrative Tribunal masquerading as a court of record with NO Article 3 or Common Law Authority, that constitutes **"FRAUD ON THE COURT"** and extinguishes any Jurisdiction.

See: **United States v. Throckmorton, 98 U.S. 61, 65-66 (1878)** *"There is an admitted exception to the general rule that a judgment may not be set aside for fraud... where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent... or by the court itself."* *"Such acts... are regarded as affecting the jurisdiction of the court or as cobstituting a fraud upon the court."* Throckmorton stands for the principle that when fraud infects the tribunal itself, especially where a tribunal lacks constitutional authority, Masquerades as an Article III court of record. Deprives the parties of common law protections or judicial process, the entire proceeding is a FRAUD

for Claimant enter into Evidence

Exhibit "2"

UPON THE COURT. Fraud is not merely a procedural error – it is a structural and jurisdictional defect, and any judgment entered is "void ab initio". Violations: A traffic tribunal, agency hearing, or statutory venue presents itself as a judicial court of record, It is not established under Article III, offers no trial by jury, and enforces administrative rules under color of law it adjudicates matters like constitutional travel, trust property, or liberty rights, which are exclusively the domain of a court of competent jurisdiction. Under Throckmorton, such a tribunal is engaged in fraud upon the court, has no jurisdiction, and any orders or judgments it enters are null and void. United States v. Throckmorton is binding precedent that confirms: when an administrative or statutory pretends to exercise judicial power without constitutional authority, it commits a fraud upon the court. Any such proceeding is structurally defective, and jurisdiction never attaches. The process is "viod ab initio" and subject to collateral attack.

## 2. STRUCTUAL DUE PROCESS COLLAPSE:

Multiple <u>due process violations</u>, <u>jurisdictional</u>, <u>procedural</u> and <u>evidentiary</u> compound into a structural collapse, **this is no longer a lawful proceeding, it is a legal fiction.**

<u>See</u>: **<u>Tumey v. Ohio, 273 U.S. 510, 535 (1927)</u>** "*Every procedure which would offer a possible temptation to the average man as a judge… may lead him not to hold the balance nice, clear and true between the State and the accused, denies the later due process of law.*" "*It is not merely actual bias, but the probability of unfariness, that violates due process.*" In **<u>Tumey</u>**, the Supreme Court established that systemic flaws in structure  - such as partiality, denial of rights, or jurisdictional defects – can cause the entire tribunal to fail the constitutional test of due process. The Court emphasized that when the structure of the forum is corrupted, due process collapse, regardless of whether an individual element is unconstitutional in isolation. This applies not just to bias, but to compounded procedural irregularities, lack of lawful jurisdiction, and evidentiary violations that render the proceeding constitutionally void.

Violations: A private national is subjected to prosecution by an administrative or quasi-judicial tribunal, which lacks Article III jurisdiction, Provide's no sworn affidavit from an injured party or verified complaint. Applies commercial or administrative statutes without consent, denies trial by jury, proper

venue, and constitutional notice. These compounded violations constitute a structural collapse of due process. The proceeding no longer functions as a court of law, but as a legal fiction, lacking judicial legitimacy. Under Tumey, such a tribunal fails structurally, not just procedurally, is "void ab initio", and cannot lawfully adjudicate any matter involving liberty, property, or constitutional secured rights. **Tumey v. Ohio** provides Supreme Court precedent that when compounded constitutionally violations – procedural, jurisdictional, and evidentiary – corrupt a tribunal's structure, the proceeding becomes inherently unlawful. It collapses under due process, and its judgments or enforcements are void, not merely voidable. Such collapse renders the proceeding a legal fiction under constitutional law.

### 3. LACK OF JURISDICTION:

This Court has not established <u>subject matter jurisdiction</u> on the record, <u>any proceeding absent jurisdiction is "void ab initio"</u> under **Exparte Mcardle 74 US 506 1868.** *"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause"*. This ruling firmly established that: jurisdiction is the threshold issue, If a courts lacks it, no lawful adjudication can occur. A court cannot manufacture jurisdiction, nor proceed in the hope it might be justified. Any action taken by a court without subject matter jurisdiction is void, not merely voidable. Violations: An administrative agency, traffic tribunal, on non-Article III court is attempting to prosecute a private national. There is no constitutional cause of action, no grand jury indictment, no sworn affidavit by an injured party, and no Article III jurisdiction invoked. The action proceeds under codes, citations, or administrative rules, not constitutional law. Under **Ex parte McCardle**, such a proceeding is a nullity, and the only lawful act the tribunal may take is to dismiss the case for lack of subject matter jurisdiction. **Ex parte McCardle (1868)** confirms that subject matter jurisdiction is a constitutional prerequisite. Any proceeding conducted without it – especially by a tribunal not vested with judicial power under Article III is "void ab initio". The forum's failure to establish jurisdiction on the record renders all subsequent actions unlawful, and the only lawful remedy is dismissal

with prejudice. Based on your [**Pa.R.C.P. 1028**].

And THE EXPRESS TRUST **"real party in interest"** is under common law and can only be heard in equity or chancery court , not the administrative procedures act that this court is operating under.


**4. BIASED OR CONFLICTED JUDGE:** **HEREBY OFFICIALLY CHALLENGED.**

Jurisdictional impartiality is a constitutional guarantee, the appearance of bias violates" See: **Tumey vs. Ohio 273 US 510 1927** "It certainly violates a U.S. Constitutional Amendment and [The 1873 Constitution of Pennsylvania] deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case." Due process of law under the fifth Amendment requires a judge or tribunal to be impartial. Even the appearance of bias or partiality, especially when the tribunal is financially or institutionally interested in the outcome, invalidates the proceeding. This applies even if no actual bias is proven- the probability or risk of unfairness alone is constitutionally impermissible. Violations: A private national is summoned into a code enforcement court, traffic tribunal, or administrative hearing. The judge or hearing officer is either paid from fines imposed by the court, Employed by the agency bringing the charge, or part of a system incentivized to generate revenue or enforce quotas. This violates **Tumey** because Judicial neutrality is compromised – the judge has a direct or indirect interest in the outcome. The court is often not a true Article III court, and the process is administrative in character, not constitutional. The appearance of institutional bias, even without provable actual bias, renders the proceedings void for lack of due process. Under **Tumey**, such a proceeding is not a court of law within the meaning of the Constitution. Fails to meet the minimum requirements of due process, and must be dismissed or declared void if challenged properly on the record. **Tumey v. Ohio** establishes that judicial impartiality is a non-waivable, constutitional mandate. When a tribunal or judge has a financial stake, institutional conflict, or administrative bias, the entire process collapses under due process, and jurisdiction cannot lawfully attach. This renders any ruling, enforcement action, or punishment constitutionally void.

## 5. COERCED PLEA OR WAIVER:

Any plea or waiver obtained under threat, duress or misinformation is "Void" a coerced plea is not a plea at all. The Lycoming County Court of Common Pleas judge nancy l butts did enter a plea without the express consent of the accused, See: **Boykin vs. Alabama 395 US 238 1969** " *it was error, plian on its face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." "A plea of guilty is more than a confession, it is itself a conviction... and must not lightly be inferred."* Constitutional Principle Invoked: Under the Fifth Amendment any waiver of rights – especially the right to a trial, confrontation, and presumption of innocence – must be **Knowing**: The person must understand the nature of the charge and the consequences of the plea. **Voluntary**: The plea must be free of threats, coercion, misinformation, or judicial pressure. **Intelligent**: The person must be competent to make the decision and do so the basic of accurate information. If any of these components are absent, the plea or waiver is constitutionally void and cannot be used to guilt or jurisdiction. Violations: A private national is brought before an administrative or traffic tribunal. The judge or clerk enters a plea of "not guilty" or "guilty" on their behalf, without express verbal or written consent from the accused. The accused may also be pressured, misinformed, or not made aware of the nature of the jurisdiction of their rights e,g., the right to challenge jurisdiction, the right to remain silent, or the right to be heard in an Article III court. **Under Boykin**, this is unconstitutional because: A judge cannot enter a plea for the accused without affirmation, informed consent. Any plea entered without full understanding and voluntary acceptance is void. Such action strips the proceeding of due process and creates a structural defect in the case. Legal Consequences: The plea is null and viod and cannot be used to support a judgment or conviction. The proceeding becomes jurisdictionally defective, especially if the plea was the only basis for moving forward. The accused retains the right to challenge the proceeding as "void ab intito" for violation of constitutional due process. Boykin v. Alabama (1969) confirms that no judge, officer, or tribunal can enter a plea or waiver on behalf of a defendant without a clear, knowing, voluntary, and intelligent expression of consent. In this case, judge nancy l butts did enter a plea on behalf of the defendant without permission, or under conditions of misinformation or pressure, the entire

PETITION FOR REDRESS OF GRIEVANCES FOR JURISDICTIONAL TRESPASS AND
EPISTEMOLOGICAL ENCROACHMENT & CONTEMPT OF THIS COURT BY JUDGES

proceeding is now VOID under constitutional law, and no lawful jurisdiction ever attached.

## 6. PROSECUTORIAL MISCONDUCT:

The prosecution introduced knowingly false testimony, withheld exculpatory evidence, that violates See:

**Brady vs. Maryland 373 US 83 1963.** *"Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment".*

The Lycoming County District Attorney is/has introduced false and misleading testimony e.g., claiming commercial jurisdiction when none exsist, misrepresenting trust ownership of the automobile, or falsely asserting statutory violations with a failure to disclose material facts, such as: A valid travel injunction on the record, The exempt status of the vehicle under [**Title 75 1303**], evidence that the officer lacked a warrant or oath-based complaint. The Lycoming County District Attorney/Prosecutor is ignoring, notices, conceals constitutional filings, notices, affidavits and prior adjudications. He proceeds with charges knowing the foundation is flawed, jurisdiction is disputed, evidence is misleading. This creates a Brady violation, because: Exculpatory material – such as lack of jurisdiction, administrative overreach, or lawful exemptions – has been suppressed. The prosecution's conduct is intentionally misleading or deceptive.

**Legal Consequence**: Such conduct renders the proceeding a violation of due process. Any resulting judgment or sanction is void. The accused retains the right to demand Dismissal, file a Petition for prosecutorial Misconduct, or seek a remedy for deprivation of rights under color of law potentially invoking [**Title 18**] in civil claims. **Brady v. Maryland** establishes that withholding favorable evidence or using knowingly false testimony is prosecutorial misconduct and a constitutional violation. If a State or officer ignored exculpatory facts, failed to present jurisdictional objections, or concealed evidence such as the case # 27100 Travel Injunction or vehicle trust ownership, then due process is violated, and the entire action is void and constitutionally defective.

## 7. CONSTRUCTIVE OF RIGHT TO HEARD:

The court is denying the accused the opportunity to present evidence, confront witnesses, speak on the record. The Lycoming County Court of Common Pleas, which is an Administrative tribunal have violated constructive right to be heard by denying the accused petitions for redress of grievances, jurisdictional challenges, discovery, denying a private national the right to present exculpatory document, such as A Travel Injunction. Trust Documents, the right to cross examine accuser/so-called witnesses, or to make a record.

This is a structural violation under **Matthews vs. Eldridge 424 US 319 1976** "*The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner*".The court emphasized that due process requires: **Notice**. **An opportunity to present evidence**. **An opportunity to confront adverse claims,** and **A forum** with lawful jurisdiction. Structural Violation Identified: Denying a private national the right to present exculpatory document, such as A Travel Injunction. Trust Documents. Jurisdictional Challenges being denied and denying the right to cross examine accusers, or to make a record, results in a constructive denial of due process. Since denial in not merely a technical defect – It is structural due process collapse, rendering the proceeding "void ab initio", not subject to harmless error analysis. Violations: A private national was stopped, cited, or charged by an administrative or statutoruy body, and is denied the right to speak or present evidence on the record, is prevented from challenging jurisdiction, Is forbidden from invoking constitutional protections e,g., right to travel, right to be free from warrantless seizures, or is forced into commercial/statutory framework with no access to common law or judicial remedy. **Mathews v. Eldridge** applies squarely, because: The tribunal or officer has denied the procedural mechanisms necessary to challenge claims. The accused is not afforded a meaningful opportunity to be heard. The administrative or judicial forum is operating without adherence to Article III standards, thereby failing structurally to meet constitutional due process. **Mathews v. Eldridge (1976)** mandates that any person whose rights are being adjudicated must receive notice and a meaningful opportunity to be heard. If a tribunal denied you the ability to speak, denied my petition for redress of grievances, denied challenges, denies constitutional discovery, introduce evidence,

or object on constitutional grounds, it constitutes a structural violation of due process. **Under Mathews**, such a proceeding is constitutionally invalid, and all resulting judgments or orders are void.

## 8. PRESUMED GUILT OR SHIFTED BURDEN:

The burden of proof is being reversed "No man shall be compelled to prove his jurisdiction. The Lycoming County Court and prosecutor are presuming the guilt of the accused and shifted burden upon the accused. **See**: **Re: Winship 397 US 358 1970.** "*The Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.*" **Winship** affirmed that: Presumption of innocence is a constitutional requirement. The burden of proof never shifts to the accused. The government must prove jurisdiction, elements of the offense, and lawful authority – beyond a reasonable doubt. Requiring the accused to "prove" anything essential to the prosecution's claim – including jurisdiction - violates due process under the fifth amendment of the united States of America Constitution and The 1873 Constitution of Pennsylvania. **Under Winship**, the state must prove: Jurisdiction, subject matter and personal. The nature of the accused's legal status, and The applicability of statutes to the individual or trust – beyond a reasonable doubt. If the court and prosecution fail to do so, the proceeding is a structural violation of due process and is "void ab initio". Violations: A private national charged under administrative or statutory codes. A tribunal or officer proceeding without a sworn affidavit from an injured party, without a warrant, and without Article III jurisdiction, and the accused, being presumed to "prove" I'm exempt, "prove" the Trust's natural person standing and foreign status, or "prove" the agency lacks authority. This amounts to an unconstitutional reversal of the burden of proof, which **Winship** squarely forbids. EXAMPLES OF VIOLATIONS: A judge or officer says "You must prove this is not a commercial vehicle." Or "You must prove that the court doesn't have jurisdiction." Or "You didn't register your exemption properly. so we presume the statutes apply." **Under Winship**, these statement and policies are constitutionally void. Because: They eliminate the presumption of innocence, They shift the burden to the accused to disprove state authority, and they nullify due process protections. **In Winship (1970)** prohibits any court, agency,

or officer from shifting the burden of proof to the accused, where a private national is forced to prove exemptions or jurisdictional limitations, the entire process violates the presumption of innocence and constitutional due process. **Under Winship**, such a practice renders the proceeding null, unlawful, and constitutionally defective.


## 9. VOID FOR VAGUENESS:

The Lycoming County Court of Common Pleas have violated the void for vagueness as their codes, statutes, rules, policies, regulations are vague and unconstitutional

The statue or regulation invoked is void for vagueness lacking sufficient clarity for lawful enforcement.

**See**: **Koleander vs. Lawson 461 US 352 (1983)** "*A statue which either forbids or requires that doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.*" "*The statue in question vested virtually complete discretion in the hands of the police to determine whether the suspect had satisfied the statute and was thus subject to arbitrary enforcement.*" **Core Constitutional Principle**: The void for vagueness doctrine ensures that: Laws must not encourage arbitrary and discriminatory enforcement by law enforcement or administrative agents. Due process is violated when someone is penalized or prosecuted under a law that: Has unclear standards, Fails to specify what conduct is unlawful, Or gives officers unchecked discretion to interpret and enforce it. **Legal Consequences:** **Under Kolender v. Lawson**: Any statue or citation issued under a vague or discretionary code is constitutionally defective. The stop, citation, or charge must be dismissed id based on such a statue. A law that fails to give fair warning and encourages arbitrary enforcement is "void ab initio". Violations: A private national stopped and cited by state police under administrative traffic codes, The enforcement of [**Title 75**] or similar motor vehicle statutes against a non-commercial, trust owned automobile,

A scenario in which: The officer cannot articulate a clear and lawful basis for enforcement, The statue fails to distinguish between commercial and private travel and, The accused is required to guess whether their lawful conducts is regulated. **Kolender applies directly**. If a statue or code provision: "Does not

clearly state whether it applies to private travelers," Fails to define terms like "vehicle", "driver". Or "resident" in a way that excludes private, non-commercial parties." "Allows officers to enforce selectively or without probable cause," Then this law is void for vagueness, and cannot constitutionally support prosecution. **Kolender v. Lawson (1983)** affirms that vague and discretionary laws violate due process. Where a private national is stopped or charged under vehicle or administrative statutes that fail to clearly define their application to non-commercial travel, the enforcement is void for vagueness. **Under Kolender**, any such law or regulation is unenforceable, and all charges or proceedings based on it must be nullified.

## 10. NO EVIDENCE OF AFFIDAVIT OF COMPLAINT OR WARRANT AS PER THE 1873 CONSTITUTION OF PENNSYLVANIA, DELARATION OF RIGHTS, SECTION 8:

The Police have violated [PA Title 234/ Rule 513 (B)(2)(4)] Issuance of Arrest Warrants. Based on your [Pa.R.C.P. 1028].

**See**: **Giordenello v. United States, 357 U.S. 480, 484-485 (1958)** *"The fourth Amendment* [and the 1873 Constitution of Pennsylvania] *requires that arrest warrants be based upon probable cause, supported by oath or affirmation. A complaint not made under oath and not showing probable cause fails to comply with that constitutional command."* This case directly address the constitutional invalidity of any criminal or quasi-criminal action initiated without a sworn affidavit from an injured party or complaint. The court ruled that a mere information or unsigned documents do not satisfy the fourth amendment, the absence of a valid affidavit or judicially issued warrant renders the entire proceeding void, and any arrest or prosecution unlawful. Violations: A private national was criminally charged following a traffic stop, but no affidavit of complaint or judicial warrant exists, the officer or agency initiates prosecution based on policy or citation, not a constitutionally sworn instrument, under **Giordenello**, this process fails the 1873 Constitution of Pennsylvania, Article I, Declaration of Rights, Section 8 and Fourth Amendment standard and is jurisdictionally defective. **Giordenello v. United States** is binding Supreme Court precedent

confirming that no arrest, charge, or prosecution is constitutionally valid without an affidavit of complaint or warrant supported by oath. Any proceeding lacking this is null under the 1873 Constitution of Pennsylvania and the Fourth Amendment and violates due process.   Based on your [**Pa.R.C.P. 1028**].

## 11. LACK OF JURISDICTION:

Improper venue, Wrong court, as this [Lycoming County, Pa] is not a constitutional court. Based on your [**Pa.R.C.P. 1028**]. And THE EXPRESS TRUST "real party in interest" is under common law and can only be heard in equity or chancery court , not the administrative procedures act that this court is operating under.

See: **Sheldon v. Sill, 49 U.S. (8How.) 441, 449 (1850)** *"Congress may withhold from any court of its creation jurisdiction of any of the enumerated controversies"* This case affirms that only Article III courts have constitutionally vested judicial power, and that Congress cannot confer jurisdiction on a court that lacks jurisdiction on a court that lacks constitutional foundation. If a tribunal is not established under Article III, or if the action is brought in a court without lawful venue, then no jurisdiction can attach, and all proceedings are void ab initio.   Based on your [**Pa.R.C.P. 1028**].

## 12. IMPROPER FORM OF SERVICE:

**Requirement to Serve the Correct Name:** The Lycoming County court of common pleas have not given proper service to the correct legal name at the correct "in care of" address, as the name on the birth certificate must match the social security number as on the charging instrument.

Under constitutional due process principles, as reinforced by these statutes at large, a defendant must be served under their correct legal name to ensure notice and an opportunity to be heard. This requirement stems from the **Fifth Amendment,** which mandate due process in judicial proceedings. If a party is not correctly named in service, it could be grounds for dismissal due to improper service.

Proper service is a requirement before an individual can be brought to court. In All courts, individuals can move to dismiss a complaint before filing an answer if there was not proper service under united States of

America Constitution, 1873 Constitution of Pennsylvania. also see: [**Pennsylvania Rule of Civil Procedure 4007(a)(1)**] .

**See**: **Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)** "*An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is noticed reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections*" . Where a private national is improperly named or incorrectly addressed e.g., treated as a commercial entity, or misidentified in administrative paperwork, service under such defect is not only procedurally insufficient but constitutionally void under Mullane and Fifth Amendment's due process clause, Thus no jurisdiction can lawfully attach.

**See**: **Grannis v. Ordean, 234 U.S. 385 (1914)** Held:

Service must be made to the correct legal name of the party for due process to be satisfied. Based on your [**Pa.R.C.P. 1028**].


**13. LACK OF PERSONAL JURISDICTION:**

No State shall interfere with the obligation of contracts such as THE EXPRESS TRUST, pursuant to The 1873 Constitution of Pennsylvania, Declaration or Rights, Section 17.  Based on your [**Pa.R.C.P. 1028**].

**See**: **Dartmouth College v. Woodward, 17 U.S. (4 Wheat.) 518 (1819)**  "*The Constitution of the united States of America declares that no State shall make any law imparing the obligation of contracts. The law of New Hampshire... alters radically the charter of Dartmouth College... and is therefore unconstitutional are void.*" This case firmly establishes that Express Trust contracts are protected under the Contract Clause U.S. Const. art. 1 Sec. 10 cl. 1. State actors or courts lack personal jurisdiction to interfere with private trust contracts unless expressly authorized by constitutional law. Any attempt to impose commercial code, administrative rules, or ststutory obligations into a private trust agreement- without voluntary entry into jurisdiction – violates the Constitution. A foreign Express Trust that owns an automobile,  a state officer or court officer asserting jurisdiction over trust property without contract,

consent, or constitutional delegation, that act constitutes improper assertion of personal jurisdiction jurisdiction and unlawful impairment of contract. Under Dartmouth, this interference is unconstitutional and void ab initio.   Based on your [**Pa.R.C.P. 1028**].

## 14. INCLUSION OF SCANDALOUS OR IMERTINENT MATTER

Lycoming County Court of Common Pleas judge nancy butts has mentioned that Claimants Petition resembles a sovereign citizen movement petition as that is prejudicial, irrelevant, lacking factual bases, and clearly inserted for inflammatory effect and bears no direct, material relevance to the claim or defense Based on your [**Pa.R.C.P. 1028**]. Supreme Court Authority (General Principle):

<u>See</u>: <u>**United States v. Throckmorton, 98 U.S. 61, 68 (1878)**</u> "Fraud vitiates everything". This case is reinforces that bad faith, irrelevant, or malicious insertions in legal process corrupt the entire proceeding. Referring to a party as a "sovereign citizen" without legal foundation can constitute a malicious or scandalous characterization when used to discredit constitutionally protected assertions. If an officer or state actor labels a private national as a "sovereign citizen" in a pleading or report without foundation, relevance, or lawful nexus, it should be striken under constitutional due process, particularly when such language harms the accused's credibility, is not connected to any justiciable issue and is inserted to create bias or ridicule.

## 15. FAILURE OF THE COURT TO CONFORM TO LAW:

Lycoming County Court of Common Pleas have failed to conform to common law, Such as **invoking authority not granted by the constitutions** (e.g, asserting inherent powers not derived from Article I,II, or III) This court is not the correct court. **Disregarding notice and hearing requirements** (violating due process). **Using Unconstitutional presumptions** (e.g, reversed burden of proof in civil matters). Based on your [**Pa.R.C.P. 1028**].

<u>See</u>: <u>**Wayman v. Southard, 23 U.S. (10 Wheat.) 1, 46 (1825)**</u> "Courts created by statue can have no jurisdiction but such as the statute confers. Their proceedings, when not according to law, are nullities."

Proceedings that ignore notice, due process, proper forum, or reverse the burden of proof are void. If a tribunal invoves "inherent powers" not tied to Article I (legislative), Article II (executive), or Article III (judicial) authority, it is acting "ultra Vires" (beyond its powers), courts have no lawful authority beyond what is constitutionally or statutorily granted. Among the violations: A non-Article III administrative or traffic tribunal presumes jurisdiction without constitutional  delegations, The accused/defendant (a private national) is forced to prove their innocence or compliance, No proper notice, hearing, or sworn affidavit initiated in the matter, the burden is reversed, and the court presumes guilt or liability. This court may not act beyond their lawful constitutional authority.  Based on your [**Pa.R.C.P. 1028**].

## 16. INSUFFICIENT SPECIFICITY IN A PLEADING:

Lycoming County Court of Common Pleas continually use the wrong legal name of the accused, not the correct entity, as the name and social security number on the charging instrument don't match the name they are mailing, name they are using and THE EXPRESS TRUST is copyrighted, is the real party in interest and is under common law and can only be heard in equity or chancery court , not the administrative procedures act that this court is operating under. Based on your [**Pa.R.C.P. 1028**].

**See**: **Rosen v. United States, 161 U.S. 29, 34 (1896)** "*It is elementary that an indictment... must be specific enough to inform the accused of the nature and cause of the accusation... and to enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense.* " A misidentification of the party whether by spelling, omission of true name, or substitution of an artificial legal name undermines the specificity required for a lawful charge, social security numbers or copyright identifires, trademarked names, or other copyrighted designation as part of the charging instrument does not satisfy the requirement of properly identifying a flesh-and- blood Party, if the matter is being heard in a court not competent to adjudicate under common law or constitutional jurisdiction, the pleading is fatally defective. **Rosen** supports the principle that the specificity and sufficiency due process requirement under the sixth amendment of the united States of America Constitution, and its absence voids the action. Violation: A private national received a charging instrument or court summons under a wrong name or with ab SSN reference which is not a lawful means of party identification in a common law court, the proceeding is

held in an administrative or statutory court, not under common law jurisdiction, the use of mailing identifiers, corporate – style naming, or metadata in place of true legal name violates due process, notice, and the ability to plead or defend. Rosen v. United States affirms that legal sufficiency and specificity in a pleading are constitutional requirements. A pleading that uses the wrong name, misidentifies the party with SSNs or copyrighted/administrative identifiers, and proceeds in the wrong court is legally insufficient, deprives due process, and is subject to dismissal or collateral challenge. Based on your [**Pa.R.C.P. 1028**].


## 17. LEGAL INSUFFICIENCY OF A PLEADING

Lycoming County Court of Common Pleas continually use their codes, policies, rules, statutes of an administrative tribunal in place of Constitutional Law when Constitutional authority is required thus constitutes legal insufficiency of a pleading. Under Article III of the U.S. Constitution and Statues at Large, a valid pleading must: Be grounded in law that is constitutionally enacted. Establish standing, jurisdiction, and a cognizable claim based on lawful authority. If a pleading relies exclusively on non-legislative codes, administrative rules, or internal policies without statutory or constitutional backing, it fails to establish a legal basis for relief or jurisdiction. The pleading must invoke a valid source of law, rules and policies internal to agencies are not "law" within the meaning of due process and separation of powers. Constitutional Supremacy Clause (Art. VI cl. 2) requires that all subordinate laws conform to the Constitutions. A pleading that substitutes agency code for Constitutional or statutory authority may be voidable and subject to Dismissal.        Based on your [**Pa.R.C.P. 1028**].

<u>See</u>: <u>**Norton v. Shelby County, 118 U.S. 425, 442 (1886**</u>) "*An unconstitutional act is not a law, it confers no right; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.*" The Supreme court declared that any law or rule – even if written or enforced – is legally null if it is not in conformity with the constitutions in this case, it established that pleadings or prosecutions based solely on administrative codes, rules, or policies, without grounded in constitutional authority, are insufficient at law. Under the Supremacy Clause, all lower forms

of law (State statues, administrative rules, agency policies, administrative rules, agency policy) must yield to the Constitutions. Violations: A private national is being prosecuted under administrative codes without a constitutional cause of action, the pleading fails to cite any constitutional provision, relying instead on agency manuals or traffic statutes, the forum is an administrative or ququai-judicial body, not an Article III court, There is no sworn complaint by an injured party in support of a warrant, no injured party in fact, and no justiciable claim. Thus this proceeding is Constitutionaly void, and the pleading is legally insufficient as it is not based on a valid law within the meaning of ArticleVI or the 1873 Constitution of Pennsylvania. Norton v. Shelby County confirms that any pleading grounded soley in subordinate codes or administrative policy- and not in constitutional law – is legally insufficient and void. The Constitutions are the supreme law of the land, and any proceeding that substitutes policy for law violates due process and the Supremacy Clause.   Based on your [**Pa.R.C.P. 1028**].


## 18. LACK OF CAPICITY TO SUE:

The 1873 Constitution of Pennsylvania, Declaration of Rights, Section 10 says "…No person shall, for any indictable offence, be processed against criminally by information…"   The Pennsylvania State Police/Commonwealth of Pennsylvania lack the capacity to sue as they have violated this Constitution as stated above and are without a valid grand jury indictment which is constitutionally required and are without a sworn affidavit or verified complaint supported by an injured party and probable cause and are acting "ultra vires", thus they lack legal status to act as a prosecutor or plaintiff in this case. If an agency, corporation, or court officer initiates a criminal or punitive action in the name of "The State" without a proper constitutional delegation there is no law plaintiff,  jurisdiction is never lawfully attached and the process is "void ab initio.  Based on your [**Pa.R.C.P. 1028**].

See: Hale v. Henkel, 201 U.S. 43, 68 (1906): "*The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the State or to his neighbors to divulge his business, or to open his doors to*

*an investigation, so far as it may tend to criminate him." The United States is entirely a creature of the Constitution. Its power and authority have no other source. It can act only in accordance with all the limitations imposed by the Constitution.".* **Hale v. Henkel** affirms that government actors, agencies, and officers are limited strictly to the powers delegated to them by the Constitutions. If a proceeding – criminal or punative in nature – is initiated without a grand jury indictment, without a sworn affidavit of an injured party, or by an entity acting ultra vires (beyond its legal authority), then that entity lacks capacity to sue or prosecute, any such action is "void ab initio", and jurisdiction never lawfully attaches. Violations: A private national was charged criminally without an indictment, the initiating document is a citation or information, issued without oath or affirmation, The prosecuting party is a state agency, police officer, or administrative body. not acting under proper constitutional delegation, There is NO injured party, no verified complaint, and NO lawful accuser. Under **Hale** , the entire proceeding is a nullity and constitutionally void from inception because the plaintiff lacks capacity to sue, the process violates due process, and the constitutional method of prosecution (indictment or complaint under oath by an injured party) was bypassed. **Hale v. Henkel** provides Supreme Court authority that no agency, officer, or corporation may initiate criminal process absent constitutional compliance. Without a grand jury indictment or sworn affidavit by an injured party, and with no lawful delegation of power, the party bringing such charge lacks legal capacity to act, and jurisdiction cannot attach. The entire proceeding is "void ab initio". Based on your [**Pa.R.C.P. 1028**].

## 19. NONJOINDER OF A NECESSARY PARTY:

Lycoming County Court of Common Pleas has not in-joined a necessary party in this matter as the united State of America Constitution Article III, Section1 One Supreme Court "The judicial Power of the United States shall be vested in one supreme court…" This clause creates a singular judicial entity for the exercise of original constitutional jurisdiction, especially in matters involving Constitutional questions, Disputes between states or foreign nations, Cases where due process demands full Article III adjudication. A necessary party is one: Whose rights are directly affected by the outcome, whose presence is required

for complete relief, or whose exclusion would risk inconsistent or legally void outcomes. If the supreme court – or its constitutionally required jurisdiction – is bypassed, when it is the only forum competent to hear this matter, the court or agency proceeding without it acts in procedural and jurisdictional defect. The Constitional Challenge has been presented to the Pennsylvania Attorney General.  Based on your **[Pa.R.C.P. 1028].**

**See: Marbury v. Madison, 5 U.S. (1 Cranch) 137, 175-176 (1803)** This case says *"it is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases must, of necessity, expound and interpret that rule. If two laws conflict with each other, the courts must decide on the operation of each." "A law repugnant to the Constitutions is void".*

**Marbury v. Madison** confirms that only courts created under Article III of the Constitution – particularly the "ONE Supreme Court" – may lawfully resolve constitutional controversies.Ifa matter affecgts constitutional rights (secured), and the necessary judicial authority i.e., one supreme court or an Article III court is not enjoined, the entire proceeding lacks jurisdiction. This is a procedural and jurisd·ctional defect, as it bypass the executive judicial forum required by Article III, Section 1. Violations: A private national's rights – such as liberty of travel, property in trust. Or due process – are being adjudicated by a state administrative tribunal or inferior court. The matter involves constitutional interpretaticn, federal supremacy, or treaty rights – requiring Article III jurisdiction, The Supreme Court or federal judiciary is not joined, invoked, or noticed, this creates a nonjoinder of a necessary tribunal, and any adjudication without it is void for lack of jurisdiction. **Marbury v. Madison** establishes that only Article III courts, and ultimately the "ONE Supreme Court", have lawful jurisdiction over constitutional questions. When such a necessary judicial party is not joined, and an agency or lower tribunal proceeds regardless, the action suffers a procedural and jurisdictional defect, making its ruling "void ab initio"


**20. MISJOINDER OF A CAUSE OF ACTION:**

The Pennsylvania State Police EIN # 232658426 being a private party, have initiated a criminal complaint against the accused, and The State of Pennsylvania/Commonwealth of Pennsylvania (through the

prosecutor) proceeds as if a lawful public criminal action has been instituted, without a proper accuser or verified complaint, [ No warrant or sworn affidavit from an actual injured party in support of warrant] it has created a misjoinder of a cause of action. Criminal charges must originate from a lawful public authority. Under the 4th & 5th amendments criminal charges must originate from: A sworn affidavit from the actual injured party in order to obtain a warrant supported by probable cause or a grand jury indictment where constitutionally required. A private entity -- even styled as "State Police" - cannot originate criminal proceedings unless lawfully deputized and acting through constitutionally authorized procdures. The State may not "Join" itself to a Defective Initiation If: (a) A private police entity (e.g, a state-chartered corporate agency) files a complaint without proper constitutional oath or affirmation and the PA State prosecutor proceeds as if that complaint satisfies criminal standards, then this is a from of misjoinder, the original action is private yet it is prosecuted under public criminal authority thus, there is no lawful chain of initiation. This creates a hybrid action – civil in orgin, criminal in execution  - which is impermissible. "A cause of action must be singular in origin, authority, and jurisdiction. To mix civil initiation with criminal prosecution is to corrupt both forms and deny due process. Based on your [**Pa.R.C.P. 1028**].

See: Ex parte Siebold, 100 U.S. 371, 376 – 377 (1879) *"No officer, either of the United States or of a State, has any authority to act, unless he can show a warrant therefor in the law."* **Siebold** affirms that no officer – state, federal, or otherwise – has lawful authority to initiate criminal process unless specifically empowered by constitutional law. If a private entity or improperly constituted officer, such as a state police department acting corporately or administratively, files a complaint, without a sworn affidavit from an injured party, without judicially issued warrant, and without constitutional delegation, then the proceeding is invalid and jurisdiction does not attach. Moreover, If this civilly or corporately initiated complaint is then treated as a valid criminal prosecution, it creates a misjoinder of cause and form – a civil administrative act miscast as a criminal proceeding. Violations: A state police officer, not acting under a judicial warrant, filed a citation or information, the officer is functioning as an agent of a corporate or administrative entity, not as a constitutional officer of law. There is NO injured party, NO

sworn complaint, and NO judge – issued warrant. The court proceeds to treat the citation as a criminal charge, despite originating from a nonjudicial, nonconstitutional source. Under **Ex parte Siebold**, this constitutes lack of lawful authority to initiate the proceeding, Violation of the 1873 Constitution of Pennsylvania and Fourth and Fifth Amendments due process, probable cause, oath. And misjoinder of a cause of action, where administrative enforcement is improperly disguised as criminal prosecution. **Ex parte Siebold** is a U.S. Supreme Court authority confirming that only officers acting under constitutional and lawful delegation may initiate legal proceedings. When a private or administrative entity such as stat police files a complaint without a warrant or affidavit, and the state proceeds with criminal charges, it is unlawful misjoinder and the action is "void ab initio".


## 21. PENDENCY OF A PRIOR ACTION OR AGREEMENT FOR ALTERNATIVE RESOLUTION:

The Pennsylvania State Police and The Commonwealth of Pennsylvania have violated The Constitutional Travel Injunction stipulated and estopped agreement case # 27100 which has been violated in the past and presented in this case as evidence, and also violated on September 11, 2025. The injunction has been properly executed to all the authorities, The Lycoming County Sheriff, The Pennsylvania Governor, The Pennsylvania Attorney General thus constituting pendency of a prior action or agreement for alternative resolution. This new action should be barred or styed ubder doctrine such as 1. Abatement (pendency of prior action), 2. Res judicata (claim preclusion), 3. Collateral estoppel (issue preclusion). Claimant attest that A New Court or agency [as opposed to case # 27000] action is defective for failing to exhaust or honor that Agreement for Alternative Dispute [ARD] route. This constitutes a procedural bar and a jurisdictional violation. Where a valid injunctive instrument exists and is publicly declared and "un-rebutted", the State or any party is estopped from initiating duplicative, contrary, or inconsistent proceedings.  Based on your **[Pa.R.C.P. 1028]**.

See: **Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981**) *"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have*

*been raised in that action.*" The court in **Moitie** reaffirmed that once a constitutional or legal issue has been adjudicated or settled, it cannot be re-litigated by another tribunal or agency in conflict with prior resolution. THIS COVERS: **Res judicata**: This matter has already been judicially determined. **Collateral estoppel**: Specific constitutional or jurisdictional issues were already resolved. **Abatement**: The current proceeding is procedurally barred because a valid prior action e.g., Case # 27100 Travel Injunction remains pending or is effect. It supports the discussion that a party or state actor who ignores a prior injunction or ADR agreement violates due process and engages in an unlawful second proceeding. Violations: A constitutional travel injunction had been lawfully declared, noticed, [even past injunctions to ALL involved pass on to the next] and un-rebutted, and had formed either, a binding legal judgment, or an agreement for alternative dispute resolution. That injunction was violated again by a traffic stop, citation, or prosecution initiated without honoring the original resolution. Under **Moitie**, the new action is: Barred by res judicata, Estopped by prior adjudication, and subject to abatement for failure to exhaust or honor the constitutional declaration. **Federal Department Stores v. Moitie** is a definitive U.S. Supreme Court case confirming that parties may not relitigate issues already resolved, and new proceedings are barred when a valid, unresolved prior action or agreement remains in effect. In this matter, where a Travel Injunction had already addressed the issues, any subsequent traffic stop or prosecution violates due process and is constitutionally void under the doctrines reaffirmed in this case. Based on your [**Pa.R.C.P. 1028**].

## 22. FULL, COMPLETE, AND ADEQUATE NON-STATUTORY REMEDY AT LAW:

Lycoming County Court of Common Pleas are violating full, complete, and adequate non-stautory remedy at law.

1. Failure to Provide a Constitutional Basis for Relief : **Ground**: The Pleading relies solely on statutory codes, administrative rules, or policies without invoking constitutional authority or common law law principles. / **Objection**: Violates the right to a non-statutory (constitutional or common law) remedy, as guaranteed by the 7th Amendment and the Judiciary Act of 1789.   2. Seeks Relief Outside a Proper

==Article III Tribunal==: <u>Ground</u>: The pleading is filed in or prosecuted through an administrative or non-judicial forum with no constitutional authority to hear the matter/ <u>Objection</u>: Denies access to a court of law with power to grant full and adequate redress under the due process and equal protection clauses.   3.

==Denies Jury Trial in Matters of Fact==: <u>Ground</u>: The cause involves disputed facts affecting liberty or property, but the pleading seeks summary judgment, administrative resolution, or judicial discretion without offering a jury trial/ <u>Objection</u>: Violates the 7th amendment right to trial by jury in suits at common law, which includes non-statutory claims.   4. ==Presumes Liability Without Judicial Hearing==: <u>Ground</u>: The pleading incorporates presumptions of liability, debt, or waiver of rights (e.g, traffic infractions, tax obligations) without sworn complaint, proper notice, or hearing./ <u>Objection</u>: Offends due process by bypassing the constitutional process for adjudicating claims and denies the right to assert a non-statutory defense. 5. ==Fails to Allow for Injunctive or Equitable Relief==: <u>Ground</u>: The pleading restricts remedy to statutory fines, penalties, or procedures while excluding equitable relief such as injunction, mandamus, or declaratory judgment/ <u>Objection</u>: Violates the constitutional guarantee to complete remedy where equity demands it, especially in fundamental rights case. 6. ==Bars Counterclaims or Rebuttals Based on Constitutional Rights==: <u>Ground:</u> The procedural rules of the tribunal or the structure of the pleading preclude the defendant from asserting non0statutory rights, immunities, or reservations./ <u>Objection</u>: Constitutes structural denial of remedy and violates the doctrine of open courts (e.g, First Amendment petition clause, Ninth Amendment reserved rights). 7. ==Derives Authority from Unenacted or Non-Public Law==: <u>Ground</u>: The pleading is based on internal policy, code, agency manual, or implied law not enacted by legislature nor promulgated with due notice./ <u>Objection</u>: Fails to provide remedy at law because no valid law under the Statutes at Large or Article I, I authority exists.


<u>OBJECTION</u>: The pleading fails to establish a constitutionally authorized, full, complete, and adequate remedy at law. It relies solely on statutory mechanisms and administrative forms of enforcement without invoking or preserving common law due process, equitable recourse, or judicial review as protected under Article III and the Seventh Amendment. This constitutes a structural denial of remedy and violates

fundamental principles of justice under the Constitutions and the Statues at Large." Thus this case must be Dismissed for want of lawful authority. Based on your [**Pa.R.C.P. 1028**].

See: **Cromwell v. Benson, 285 U.S. 22, 51 – 52 (1932)** *"In cases which are at law, and hence triable by a jury, Congress may not deny the right to such trial or substitute any other tribunal for the one provided by the Constitution." "The essential Independence of the judicial power of the United States under Article III... must be maintained."*

**Crowell v. Benson** confirms that administrative tribunals may not override the constitutional right to judicial review, trial by jury, or common law/equitable adjudication. Where statutory or administrative forms of enforcement are used without preserving Article III court review or Sevnth Amendment protections, the action is Unconstitutional, Procedurally defective, and Void if not corrected. Violations: A private national is subjected to enforcement under traffic codes or administrative statutes, The enforcement proceeds in a non-Article III tribunal e,g., traffic court or agency hearing. There is no access to common law defenses, no trial by jury, and no judicial review in an independent court. The pleading or prosecution fails to invoke constitutional jurisdiction, relying solely on statutory mechanisms. Under **Crowell**, this structure: Denies the constitutional secured right to a complete and adequate remedy at law. Violates ArticleIII and Seventh Amendment, and requires dismissal or vacatur of the administrative action. **Crowell v. Benson** provides binding U.S. Supreme Court precedent that any attempt to enforce legal claims through administrative mechanisms – without preserving constitutional remedies, common law protections, is unconstitutional/ Thus, such a case can and must be DISMISSED, and the process is jurisdictionally void.     Based on your [**Pa.R.C.P. 1028**].

## VII. IRREPAIRABLE DEFECT

### 1. JURY TAMPERING OR COERCION:

The Lycoming County Court of Common Pleas has violated jury tampering and coercion as its function is restricted, manipulated, and neutralized by court rules, presumption, and directed verdicts.

Jury influence, coercion or manipulation violates the 6th amendment to an impairtial jury. See: **Remamer vs. United States 347 US 227 1954** *"Any verdict born from tampering is null" "In a criminal case, any private communication, contract, or tampering, directly or indirectly, with a juror… is presumptively prejudicial." "The integrity of the jury system must be maintained by every safeguard."*

**Sixth Amendment Principle**: The Sixth Amendment guarantees a public trial by an impartial jury. Tampering, coercion, or outside influence – even without proof of actual prejudice – presumptively violates due process and Sixth Amendments rights. The burden shifts to the government to prove harmlessness beyond a reasonable doubt when jury integrity is called into question. **Even if No Jury Is Present**: In administrative or traffic courts, where trials by jury aren't offered, where no jury trial is offered, this creates a structural  due process violation per the Seventh and Sixth Amendments, especially in cases that involve: Private rights, liberty, or property, and Proceedings that carry punitive consequences. The complete denial of a jury in a context wher one is constitutionally required constitutes structural tampering with the judicial process. Violations: A Private national is subjected to proceedings where: There is no jury e,g., administrative or traffic tribunals. Or, if a jury exists, its function is restricted, manipulated, or neutralized by court rules, presumptions, or directed verdicts. The accused is prevented from addressing the jury, presenting constitutional defenses, or introducing jurisdictional evidence. The spirit and authority of **Remmer** is invoked, because: A jury that is not impartial, mislead, or  denied full access to afcts and defenses is functionally tampered with. If jurisdictional objections are withheld from the jury, Or if the court directs the jury to assume statutory applicability or ignore constitutional defenses, Then the proceeding is void under the Sixth Amendment, as interpreted in **Remmer**.  **Remmer v. United States (1954)** affirms that any influence, coercion, or structural

manipulation of the jury violates the Sixth Amendment. Whether through the absence of a jury, the misdirection of a jury, or the denial of a fair presentation of defenses – **Remmer** applies. It renders the proceeding void for constitutional failure, and any verdict or sanction null "ab initio".

## 2. INADMISSABLE EVIDENCE PRESENTED TO THE JURY:

Lycoming County Court of Common Pleas has violated inadmissible evidence presented to the jury as they have introduced a non-existent commercial license file or statutory presumption to suggest jurisdiction, references to unverified agency codes or driver records that imply guilt or liability, allowing statements or implications that traveler is "evading the law" or "refusing to comply" without due context or relevance.

Inflammatory or prejudicial evidence was/has been introduced that no curative instruction can unring.

See: **Chapman vs. California 386 US 18 1976** *"Some constitutional errors… require automatic reversal of the conviction, Before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." "An error that so infects the trial with unfairness as to make the resulting conciction a denial of due process cannot be deemed harmless."*

**Core Constitutional Principle :** The Fifth Amendment and The 1873 Constitution of Pennsylvania guarantee due process. The Sixth Amendment and the 1873 Constitution of Pennsylvania guarantee a fair trial. The use of inadmissible, inflammatory, or misleading evidence  - especially when intended to prejudice the jury or factfinder – violates these guarantees. A court or tribunal cannot rely on harmless error doctrine unless it can prove the outcome was unattained by the improper evidence. Violations: A Private national is subjected to a proceeding – likely in a traffic, administrative, or quasi-judicial forum. The court, prosecutor, or officer introduces evidence or makes references that are: Legally inadmissible. Highly prejudicial e,g., labeling the individual a "sovereign citizen" or suggesting criminal intent where none is charged, Inflammatory, irrelevant, or based on policy, not law. EXAMPLES OF CONSTITUIONAL VIOLATIONS **UNDER CHAPMAN:** Introduction of a non-existent commercial license file or statutory presumption to suggest jurisdiction. Reference to unverified agency codes or driver records that imply guilt or liability. Allowing statements or implications that the traveler is "evading the law" or "refusing to comply" without due context or relevance. **Under Chapman,** the

damage caused by such improper evidence cannot be "cured" by limiting instructions or judicial discretion. WHY IT MATTERS HERE: When a tribunal relies on tainted evidence to establish jurisdiction, facts, or culpability -- especially in the absence of a jury trial or where due process is already under strain -- it creates an irremediable constitutional defect. The entire proceeding is contaminated, and due process is denied. **Under Chapman**, such a trial is void, and the verdict or administrative finding is constitutionally reversible. **Chapman v. California (1967)** confirms that inadmissible, prejudicial, or inflammatory evidence – once introduced – taints the proceeding beyond repair unless proven harmless beyond a reasonable doubt. If officers, prosecutors, or tribunals introduced such improper material, it creates a structural due process failure, and any conviction or penalty must be vacated. The action is void under constitutional law, not merely voidable.

### 3. DENIAL OF MEANFUL CROSS EXAMINATION:

The Pennsylvania State Police Lycoming Officer edward gensel, County Court of Common Pleas have violated denial of meaningful cross examination as the accusing officer or agency representative does not appear at the hearings, and is not subject to live cross-examination, or submit testimony through citations, reports, or declarations.

Witness are being shielded from full cross examination in violation of <u>See</u>: **Crawford vs. Washington 5 341 US 36 2004.** "*Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is confrontation.*" "*Sixth Amendment commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination.*" **Constitutional Principle**: The Sixth Amendment guarantees the accused the right to confrontation – to face and question any witness who gives testimonial evidence against them. A court or tribunal may nor admit statements or claims from witnesses unless the accused has been given an opportunity for meaningful cross-examination. Testimony presented through police reports, citations, unsigned complaints, or third party allegations -- without live witness availability for cross – examination – violates **Crawford** and renders the proceeding constitutionally defective. Violations: A Private national

is charged with administrative or traffic code violations, Processed in a statutory or quasi-judisial tribunal, and The accusing officer or agency representative does not appear at the hearings, oR is not subject to live cross-examination, Or Submits testimony through citations, reports, or declarations – <u>Crawford</u> squarely applies. The absence of live testimony, and the denial of cross-examination, strips the proceeding of its constitutional legitimacy. THIS INCLUDES SITUATIONS WHERE: acitation or charging document is read into the record without the officer present. Videos, notes, or second hand summaries are introduced without offering the defense a chance to question the source' The forum bars or limits your right to interrogate the accuser directly. This Sixth Amendment violation, and inder **<u>Crawford</u>**, no finding of guilt or liability can stand when based on unconfronted testimonial evidence. <u>Legal Consequences</u>: The proceeding must be dismissed or declared "void ab initio". Any ruling or penalty based on unconfronted evidence is unconstitutional. The right to cross-examine is absolute in any action that impacts liberty or imposes penalities. **<u>Crawford v. Washington (2004)</u>** makes clear: when a tribunal or prosecutor denies the right to confront and cross-examine the accuser, especially by relying on reports, unsworn documents, or absent officers, it violates the Sixth Amendment and The 1873 Constitution of Pennsylvania. Such denial renders the entire action void, not merely procedurally flawed. It is a structural due process failure, and any ruling or enforcement based upon it is constitutionally invalid.

## VIII. REMEDAL DEMAND

FULL EVENDENTIARY PROOF OF JURISDICTION, PUBLIC RECORD CORRECTION MISLABELING THE CLAIM AS FRIVOLOUS ARE SOVERIGN CITIZEN MUST BE RETRACTED, MUST BE PRESUMED POSITIVE INVOCATION OF ANTI SLAP ANY RETALEATION MUST BE PRESUMED COERCIVE UNLESS DISPROVEN.

Claimant moves the court to proceed in the name of the real party in interest, demand the presented parties submit their Discovery Interrogitories & Admission and Subpeoned Written Depositions, then dismiss this case. The 4th & 5th amendments of the united States of America Constitution and **The 1873 Constitution of Pennsylvaina** protect the right of "The People"/ a person/, both natural & legal, to control and possess their private property. The Law cannot arbitrarily interfere without due process or appropriate Lawful cause **u.S. Constitution, Amendments IV & V**. Private Property, including a person's identity, name, and effects, is protected from government interference unless Constitutional due process is strictly adhered to. These protections ensure persons rights to possession and control over ones property, including your person, papers, and personal effects.

Claimant also moves the court to demand that this court declare on the record whether it is acting under non-core jurisdiction. As this matter pertains solely to private property and private business, it is a non-core issue and must be treated as such. Should the court fail to clarify its jurisdiction, it must dismiss the matter and return private trust property with compensation, as it has no lawful authority over non-commercial private activity. The court, operating under presumption of jurisdiction, must provide evidence that GEORGE H WHALEY JR XXX-XX-9202 and THE EXPRESS TRUST named GEORGE HENRY WHALEY JR PRIVATE were engaged in commercial activity, as it is the only lawful basis for their regulation of travel under the scope of existing statutory law. Failure to do so constitutes an unlawful intrusion upon private rights.

Pennsylvania State Police, specifically PA Trooper edward gensel violated the rule of which Pennsylvania State Troopers are required to follow, by violatiing "REQUIREMENTS FOR ISSUANCE OF AN ARREST WARRANT". See: Exhibit "12" as presented as evidence in this case.

PETITION FOR REDRESS OF GRIEVANCES FOR JURISDICTIONAL TRESPASS AND EPISTEMOLOGICAL ENCROACHMENT & CONTEMPT OF THIS COURT BY JUDGES