IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE HENRY WHALEY JR., Whaley Jr George Henry, Claimant, Private Common Law Attorney/Specially Intervening for GEORGE HENRY WHALEY JR copyrighted, GEORGE HENRY WHALEY JR PRIVATE EXPRESS TRUST, BIN #98-6100902, **Plaintiff** | : : : : : : : : : : | No. 4:25cv1007  (Judge Munley)  (Chief Magistrate Judge Bloom) |
| v. | : : | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, **Defendants** | : : : | |

## MEMORANDUM ORDER

Before the court is a Report and Recommendation ("R&R") from Chief Magistrate Judge Daryl F. Bloom, which recommends denial of Plaintiff George Henry Whaley Jr.'s *pro se* motions, (Docs. 5, 8, 12, 15), and dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] (Doc. 17). As a preliminary matter, the court notes that Whaley's filings are disjointed, difficult to follow, and far from a model of clarity.

---

[1] The following are named as defendants in this action: Commonwealth of Pennsylvania, Department of Transportation, Pennsylvania State Police, Nancy Butts, Rian Tira, William Carlucci, Michael Carroll, Edward Gensel, Thomas Marino, Thomas Heap, Michelle Henry, and Jane John Doe (1-10).

By way of brief background, Whaley filed a document entitled "notice of removal" on June 5, 2025 regarding his ongoing state criminal case. (Doc. 1, at ECF p. 1). According to Whaley, his state criminal case arose from an unlawful traffic stop. (Id. at ECF pp. 4-5). Whaley asserts in his notice of removal that he surrendered his Pennsylvania driver's license, and as a result, believes he was not subject to the Pennsylvania Vehicle Code. (Id. at ECF pp. 3-5). Whaley also contends that he was unlawfully stopped and detained by the Pennsylvania State Police on September 12, 2024, for failure to have his vehicle registered. (Id. at ECF p. 4). A review of the state court docket reflects that Whaley was charged in Lycoming County in September 2024 with several criminal offenses, including alteration or destruction of a vehicle identification number, driving with a suspended license, driving an unregistered vehicle, and driving without a license. See Commonwealth v. Whaley, CP-41-CR-0001339-2024.[2] The underlying criminal case remains pending against Whaley.[3]

---

[2] The court may take judicial notice of the public docket in Whaley's underlying state criminal case in the Lycoming County Court of Common Pleas. Orabi v. Att'y Gen. of the U.S., 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

[3] A review of the docket of the Superior Court of Pennsylvania reflects that Whaley filed a petition for writ of habeas corpus on August 13, 2025. See Commonwealth v. Whaley, Jr., 49 MDM 2025. The Pennsylvania Superior Court denied the petition on August 14, 2025. It appears that Whaley subsequently filed an application for reconsideration of that order on September 16, 2025, which the Superior Court denied. Thereafter, on October 17, 2025, Whaley filed a second application for reconsideration. The Superior Court concluded that the latter application was addressed to Pennsylvania Supreme Court. For this reason, the Superior

In his notice of removal, Whaley requests that this court issue an emergency stay and injunction against further enforcement of the state court proceedings. (Doc. 1, at ECF p. 8). Whaley also requests that his notice of removal be docketed as a complaint for violations under the United States Constitution, Civil Rights Act of 1866, and Pennsylvania Constitution.[4] (Id.) The R&R properly construed Whaley's assertions arising out of the traffic stop as claims alleging violations of his due process rights, false arrest, false imprisonment, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[5]

The R&R, however, advises that this court lacks jurisdiction over Whaley's claims because the removal of his criminal case is improper. (Doc. 17, at 7). The R&R also concludes that Whaley's claims are fatally flawed in several ways and recommends dismissal of this action. (Id. at 3). Additionally, the R&R recommends the denial of Whaley's motions: 1) for a temporary restraining order

---

Court transferred the case to the Pennsylvania Supreme Court. To date, the case does not appear on the Supreme Court's docket.

[4] Whaley's notice of removal lists the following counts: Count I, due process violation under the Fifth Amendment, Pennsylvania Constitution, and Civil Rights Act of 1866; Count II, false arrest and false imprisonment in violation of the Civil Rights Act of 1866; Counts III and IV, fraud and conspiracy under the Racketeer Influenced and Corrupt Organizations Act. (See Doc. 1, at ECF pp. 5-6).

[5] The notice of removal vaguely mentions due process violations under the Fifth Amendment and Pennsylvania Constitution. (Doc. 1, at ECF pp. 5-6). However, the R&R correctly concludes that there are no factual allegations supporting these claims. (Doc. 17, at 14).

("TRO"), (Doc. 5); 2) to compel discovery in his state court case, (Doc. 8); 3) to dismiss his state criminal case, (Doc. 12); and 4) for summary judgment, (Doc. 15). (Id. at 3).

Whaley timely filed objections to the R&R. (Doc. 18). Since filing his initial objections, Whaley filed five additional documents with varying titles in further support of his notice of removal, including: 1) a motion to strike the R&R, (Doc. 19); 2) a motion to clarify docket entry, (Doc. 20); 3) a judicial notice and motion for mandatory judicial acknowledgment, (Doc. 21); 4) a cover notice, (Doc. 22); and 5) an amended motion to strike the R&R, (Doc. 23). After careful review, the court will liberally construe these filings as objections to the R&R.[6]

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. Providing a complete *de novo* determination where only a general objection to an R&R is offered, however,

---

[6] "A document filed *pro se* is 'to be liberally construed[.]' " Erickson v. Pardus, 551 U.S. 89, 94, (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

4

"would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Here, Whaley's objections do not challenge several critical conclusions reached in the R&R.[7] If a party has not objected to certain portions of the R&R, then in deciding whether to adopt those portions, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

Whaley does not object to the R&R's findings that his request for an injunction against the state criminal proceedings is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, and Rule 65 of the Federal Rules of Civil Procedure.

---

[7] The R&R appears to treat Whaley's document entitled "Notice of Removal," (Doc. 1), as both a complaint and a notice of removal for screening purposes under 28 U.S.C. § 1915(e)(2)(B)(ii). Whaley asserts in his objections that the R&R erroneously characterized his notice of removal as a civil rights complaint. (Doc. 18, ECF pp. 3, 13; Doc. 19, at ECF p. 4; Doc. 20, at ECF p. 3; Doc. 21, at ECF p. 9; Doc. 22, at ECF pp. 1, 7). Per Whaley, this alleged mislabeling triggered procedural errors in the issuance and service of summons and deprived him of full access to the court. These objections, however, more properly relate to Whaley's failure to pay the full filing fee. Additionally, given the nature of this matter, the court is permitted to construe Whaley's complaint liberally "so 'as to do substantial justice.'" Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8). As a result, Whaley's baseless objections to the R&R's treatment of the filing as both a complaint and a notice of removal will be overruled.

Likewise, Whaley offers no objection to Chief Magistrate Judge Bloom's conclusion that Whaley's motion for a TRO to compel discovery from the state court judge who presided over one of his criminal cases should be denied.[8] Third, Whaley does not object to any portion of the R&R concluding that his claims for false arrest, false imprisonment, and malicious prosecution arising under 42 U.S.C. § 1983 ("Section 1983") fail as a matter of law because: 1) he did not plead the requisite personal involvement of many of the defendants to establish liability; 2) he did not allege that the police lacked probable cause to arrest him; and 3) he failed to allege that the underlying criminal proceedings terminated in his favor. Thus, the court need not make a *de novo* review of these determinations. Seeing no evidence of plain error or a manifest injustice, those conclusions will be adopted.

Based on the objections raised, the court will limit its review to two overarching considerations, whether removal of Whaley's criminal case to this court is improper, and whether Whaley has plausibly alleged claims against the defendants under RICO.

---

[8] It appears that Whaley's motion for a TRO is requesting discovery from Lycoming County Court of Common Pleas President Judge Nancy L. Butts.

### 1. Improper Removal

At the outset, the R&R recommends dismissal of this action because Whaley has neither paid the filing fee in full nor filed a motion for leave to proceed in *forma pauperis* in this matter. (Doc. 17, at 7). However, in the interest of judicial economy, Chief Magistrate Judge Bloom screened Whaley's filings pursuant to 28 U.S.C. § 1915(e)(2)(B). (Id. at 3). Whaley asserts in his objections that he has tendered the required filing fee by mail on two occasions. (Doc. 20, at ECF p. 3). Based on the docket annotations dated June 5 and 13, 2025, it appears that Whaley attempted to pay the filing fee but paid the incorrect amount. Whaley's objection regarding the filing fee will therefore be overruled. The court will nonetheless address Whaley's filings and objections to the R&R on their merits.

The R&R concludes that this court lacks jurisdiction over Whaley's claims because removal of his pending criminal case from the Lycoming County Court of Common Pleas is improper. (Doc. 17, at 7). State court criminal prosecutions may be removed to federal courts under limited circumstances. See 28 U.S.C. §§ 1442, 1442a, 1443.[9] Removal of a state court criminal matter under 28 U.S.C. §

---

[9] Section 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Subparagraph (2) confers a privilege of removal only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights and state

7

1443(1) ("Section 1443(1)"), the sole provision relevant here, is an exceptionally narrow right. See Desmond, 792 F. App'x at 242. It only allows for the removal of a state law criminal matter "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). To remove a case under Section 1443(1), a defendant must satisfy a two-pronged test: (1) "that he is being deprived of rights guaranteed by a federal law providing for ... equal civil rights"; and (2) "that he is denied or cannot enforce that right in the courts of the state." Pennsylvania v. Carroll, 764 F. App'x 134, 135 (3d Cir. 2019) (cleaned up) (quoting Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997)).

Under the first prong, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Johnson v.

---

officers who refuse to do an act on the ground that it would be inconsistent with civil rights laws." Delaware v. Desmond, 792 F. App'x 241, 242 (3d Cir. 2020) (cleaned up).

Section 1442 authorizes removal of state criminal prosecutions in certain instances against federal officers or agencies. 28 U.S.C. § 1442(a). Furthermore, Section 1442a allows the removal of state criminal cases involving members of the United States armed forces named as criminal defendants. Id. § 1442a.

Whaley's allegations do not suggest that he falls into these categories. Accordingly, neither Section 1442, Section 1442a, nor Section 1443(2) provides a basis for removal of his criminal matter.

Mississippi, 421 U.S. 213, 219 (1975).  In other words, "removal must be based upon a law providing for specific civil rights stated in terms of racial equality, such as the Civil Rights Act of 1964." Carroll, 764 F. App'x at 135.  For example, a claim "that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [Section] 1443(1)." Johnson, 421 U.S. at 219.

Here, Whaley's notice of removal encompasses claims arising under the Civil Rights Act of 1866 and the Fourth Amendment.  Assuming *arguendo* that, for purposes of the first prong of the test, Whaley's claimed rights are within those rights contemplated by Section 1443(1), Whaley still has to show that he cannot enforce his rights in state court.

Turning to the second prong of the test for removal under Section 1443(1), "a denial or inability to enforce the right in state court must be manifest in a formal expression of state law," Carroll, 764 F. App'x at 135, "such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." Johnson, 421 U.S. at 219.  Under this prong, "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." Id. at

220 (citing City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 828 (1966)). For example, the Supreme Court allowed removal where defendants alleged that state trespass charges had been brought against them after they were ordered to leave restaurants solely on account of their race and they refused. State of Ga. v. Rachel, 384 U.S. 780, 805 (1966). According to the Supreme Court, the Civil Rights Act of 1964 protects those who refuse to obey such an order from prosecution. Id. at 804-05. Thus, only in these narrow circumstances could the pendency of the prosecutions allow the federal court to clearly predict that defendants would be denied or could not enforce in the state courts "the right to be free of any 'attempt to punish' them for protected activity." Id. at 805.

Unlike defendants in Rachel, Whaley's assertions do not show that he engaged in a protected activity. Whaley's notice of removal is devoid of factual allegations suggesting that any of the named defendants engaged in racial discrimination against him. Only in his objections does Whaley assert in a conclusory fashion that "removal was grounded upon racial and constitutional violations[.]" (Doc. 18, at ECF p. 4). Nonethless, a careful review of Whaley's notice of removal reveals that his claims stem from his surrender of his Pennsylvania driver's license and his belief that he was no longer subject to Pennsylvania Vehicle Code. (Doc. 1, at ECF pp. 4-5). As the R&R properly concluded, Whaley appears to be asserting his claims, in part, on the basis that

10

he is a sovereign citizen.[10] Even though Whaley appears to deny that he is a sovereign citizen, his language and ideas are typical of the sovereign citizen movement.[11] (See Doc. 18, at ECF p. 3). "Not all sovereign citizens share the same beliefs, but generally, sovereign citizens believe that they are not subject to federal, state, or local law or courts' jurisdiction." Ewans v. New Jersey, 2025 WL 2630569, at *1 n.1 (3d Cir. Sept. 12, 2025) (citation omitted). Courts in this circuit routinely dismiss sovereign citizen theories as frivolous.[12]

Whaley's assertions in support of removing his state criminal case to this court fail to satisfy the second prong of the test for removal under Section 1443(1). His contentions do not assert a manifest denial of or an inability to

---

[10] Almost every document filed with this court includes a combination of the following statements: "I do not consent to submitting to the court's jurisdiction nor do I need to consent!"; "any action to compel appearance of the Petitioner in a manner that implies subjection to this Court's jurisdiction or diminishes Petitioner's inherent autonomy, shall constitute an unlawful conversion of Petitioner's status"; "This petition is presented strictly as a matter of right, and not in submission to this Court's jurisdiction, which is expressly reserved. I do not consent submitting to this courts jurisdiction"; "george henry whaley jr, a living person, Whaley Jr George Henry, Claimant, Private Common Law Attorney/Specially Intervening for GEORGE HENRY WHALEY JR copyrighted, GEORGE HENRY WHALEY JR PRIVATE EXPRESS TRUST, EIN #98-61." (Docs. 1, 4, 5, 10, 11, 12, 13, 14, 15, and 18).

[11] In a previous case filed by Whaley, Magistrate Judge Susan E. Schwab similarly found that Whaley's claims based on this same theory were legally frivolous. Whaley v. Pennsylvania, 2022 WL 20212747, at *10-13 (M.D. Pa. Dec. 27, 2022), report and recommendation adopted, 2023 WL 4188028 (M.D. Pa. June 26, 2023).

[12] See generally Ewans, 2025 WL 2630569, at *1–2; El v. Moore, 2024 WL 4299030, at *1 (3d Cir. Sept. 26, 2024); Smithson v. York Cnty. Ct. of Common Pleas, 2016 WL 4521854, at *4 (M.D. Pa. Aug. 3, 2016); Smith v. Homestead Police Dep't, 2024 WL 1256300, at *4–6 (W.D. Pa. Mar. 25, 2024); Blinke v. Sweeney, 2023 WL 8361795, at *2 (M.D. Pa. Nov. 9, 2023), report and recommendation adopted, 2023 WL 8359908 (M.D. Pa. Dec. 1, 2023); Geiger v. Conroy, 2023 WL 2577233, at *7 n. 15 (E.D. Pa. March 20, 2023).

enforce his federal rights in state court due to a formal expression of state law. Indeed, Whaley "could point to no federal law conferring on [him] the right to engage in the specific conduct with which [he] [was] charged; and there [is] no federal statutory right that no State should even attempt to prosecute [him] for [his] conduct." Johnson, 421 U.S. at 222 (quoting City of Greenwood, Miss., 384 U.S. at 826); see Carroll, 764 F. App'x at 135-36 (affirming remand of state criminal matter because, even though defendant invoked the Civil Rights Act of 1964, he failed to show that he would be denied or could not enforce his rights in state court); see also Delaware v. Hefley, 403 F. App'x 677, 678 (3d Cir. 2010) (affirming remand of state criminal matter because the removal petitioner could "assert constitutional claims in state court and there [was] nothing unusual about his criminal prosecution.").

Based on Whaley's assertions in his filings, a federal court cannot clearly predict that he will be denied a right to be free of prosecution for protected activity in state court. Given that Whaley cannot satisfy the second prong of the test for removal under Section 1443(1), his objections to the R&R will be overruled.[13]

---

[13] Whaley makes conclusory assertions in his objections that he was never served, never arraigned, and was deprived of liberty without presentment to a magistrate in violation of his due process rights under the Fifth and Fourteenth Amendments. (Doc. 18, at ECF p. 4). These objections are meritless and without factual support. Hence, they will be overruled.

12

## 2. RICO Claims

The R&R also recommends dismissal of Whaley's RICO claims. (Doc. 17 at 17). In his objections, Whaley contends in a conclusory manner that the R&R failed to apply the appropriate standard under Rule 12(b)(6) and ignored the liberal construction mandated for *pro se* pleadings. (Doc. 18, at ECF p. 4). According to Whaley, he did allege constructive fraud and abuse of process amounting to a colorable civil RICO claim. (Id.)

"RICO imposes criminal and civil liability upon those who engage in certain prohibited activities. It provides civil remedies for 'any person injured in his business or property by reason of a violation of 18 U.S.C. § 1962." Care One Mgmt. LLC v. United Healthcare Workers E., 43 F.4th 126, 135 (3d Cir. 2022) (cleaned up). RICO violations are set forth in 18 U.S.C. § 1962, and "[a] common thread running throughout § 1962 is that an injured party must demonstrate that the defendant was engaged in a 'pattern of racketeering activity.'" Tabas v. Tabas, 47 F.3d 1280, 1289 (3d Cir. 1995).

Here, Whaley vaguely alleges that the defendants engaged in "mail fraud, wire fraud, obstruction, and deprivation of rights." (Doc. 1, at ECF p. 6). Nevertheless, Whaley provides no factual support indicating that any defendant actually participated in a racketeering activity. Even affording Whaley's assertions the most liberal construction, his arrest and prosecution for driving

without a valid driver's license and operating an unregistered vehicle fall short of constituting racketeering activity by the defendants. Thus, the R&R properly applied the appropriate screening standard and correctly concluded that Whaley failed to state plausible RICO claims. Accordingly, Whaley's objections will be overruled.

### 3. Dismissal

According to the R&R, Whaley filed another action in this district on June 20, 2025, docketed at Civ. No. 1:25-CV-1118, which appears to be an identical attempt to remove Whaley's state court criminal case to federal court. (Doc. 17, at 1 n. 1). In that action, Whaley paid the full filing fee and was issued a summons for service. A review of the docket and notice of removal indicates that Whaley is asserting identical claims in the matter pending before the Honorable Jennifer P. Wilson. Accordingly, the present action before this court will be dismissed without any prejudice to the proceedings pending before Judge Wilson.

For the reasons set forth above, it is hereby **ORDERED** as follows:

1) Whaley's objections, (Docs. 18-23), to Chief Magistrate Judge Bloom's R&R are **OVERRULED**;

2) The R&R, (Doc. 17), is **ADOPTED**;

3) Whaley's *pro se* notice of removal, also construed as a *pro se* complaint, (Doc. 1), is **DISMISSED** without any prejudice to the proceedings pending before the Honorable Jennifer P. Wilson;

4) Whaley's motions: 1) for a TRO, (Doc. 5); 2) to compel discovery in his state court case, (Doc. 8); 3) to dismiss his state criminal case, (Doc. 12); and 4) for summary judgment, (Doc. 15), are **DENIED**; and

5) The Clerk of Court is directed to **CLOSE** this case.

Date: 11/13/25

JUDGE JULIA K. MUNLEY
United States District Court